**In the Interest of: R.M.K.**

**No. ED 95241.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 25, 2011.

John R. Bird, St. Louis, MO, for appellant.

Allison Wolff, St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

### Introduction

R.J.K. (Father) appeals the Judgment and Order of the Juvenile Division of the Circuit Court (Juvenile Court) terminating his parental rights to his minor child R.M.K. Father challenges the Juvenile Court's denial of his motion for continuance at the start of the hearing. He does not challenge the termination of his parental rights. We affirm.

### Background

Father is the natural father of R.M.K., born on July 21, 2008. The Juvenile Court first acquired jurisdiction over the child in November 2008, after both the mother and child tested positive for marijuana and mother was arrested. Father's whereabouts at that time were unknown. Father's service plan set forth that in order to regain custody of the child, Father must, inter alia, visit with the child at least twice a month, provide financial support for the child, and participate in substance abuse evaluation and treatment and drug screenings. At a February 2009 hearing, Father did not appear, and the Juvenile Court noted that he had not engaged in the required services. At the subsequent June and December 2009 hearings, Father again did not appear.

As relevant for this appeal, the Missouri Department of Social Services, Children's Division (Children's Division) petitioned for termination of Father's parental rights, citing abandonment. At the hearing on the petition, Father, having been served, did not appear in person, but appeared through appointed counsel. The Juvenile Court delayed the start of trial for twenty minutes, at which time counsel for Father requested a continuance. Counsel for Father and the Juvenile Court engaged in the following exchange:

[Counsel]: I sent a letter to [Father] at his last known address.... In that letter, which was not returned, I advised him of the fact that this matter was set for today, January 14, 2010, at 1:00. I told him that he would need to appear in court or it was likely that his parent rights would be terminated on that date. At 1:15 today, I made a phone call to [Father] at his last known phone number:.... I did, in fact, speak with the father. He advised me that he was at [work] at this point in time. He indicated that he believed that the hearing time was today at 9:00. I asked him did he appear here in court at 9:00. He indicated no. He did ask me to request on his behalf a continuance. He did indicate that he may proceed here to court within the next half hour or forty-five minutes.... Because he's not here, and solely because he's not here, I'm asking that this matter be continued.

[Court]: All right. Mr. Bird, in reviewing this file, I see that this matter has been set since September 14; and as you indicated, you also sent notice to your client of the setting on today's date. I've also reviewed the juvenile file in Cause No. 08SL–JU01285 and in doing so have observed that your client has

failed to appear at the last three hearings scheduled with regard to the child, the review hearings as well. And under those circumstances and given as the request for continuance does not technically comply with the Supreme Court rules, in the absence of your client the Court will deny your request.

The hearing proceeded, and the evidence showed that Father had abandoned the child by leaving the child without provision for support and without making arrangements to visit or communicate with the child, although able to do so.[1] The Juvenile Court terminated the parental rights of Father, finding that it was in the best interest and welfare of the child.

Father moved for rehearing, asserting that the Juvenile Court erred in not granting a continuance and in terminating his parental rights. The Juvenile Court denied the motion. This appeal follows.

*Discussion*

█ In his sole point on appeal, Father argues that the Juvenile Court erred in failing to grant his motion for continuance of trial, resulting in a violation of his right to due process of law.

█ The termination of parental rights is an awesome power that we do not review lightly. *In re J.S.W.*, 295 S.W.3d 877, 880 (Mo.App. E.D.2009). While we respect the magnitude of this type of proceeding, our review of a trial court's denial of a motion for continuance is for an abuse of discretion. *State v. Prince*, 311 S.W.3d 327, 339 (Mo.App. W.D.2010); *In re I.B.*, 48 S.W.3d 91, 98 (Mo.App. W.D.2001). We will reverse the denial only when the trial court enters an order that is clearly

against the logic of the circumstances and is arbitrary and capricious. *Prince*, 311 S.W.3d at 339.

We find no abuse of discretion in this case. Before denying the continuance, the Juvenile Court confirmed that notice of the hearing was mailed to Father, and noted the length of time that the hearing had been pending. The letter of notice contained a warning that if Father did not appear at the hearing, his parental rights would likely be terminated. The record showed that Father was specifically aware of the date of the hearing, and although he had believed the hearing was at 9:00 a.m., he did not appear at that time. Although he requested a continuance, he had not appeared for any of the last three hearings, and did not state a definite intention to appear at the current hearing, even if the court were to grant a continuance. *See In re I.B.*, 48 S.W.3d at 98–99 (reviewing court will consider circumstances when determining whether juvenile court abused its discretion in denying motion for continuance). As well, we note that Father is no stranger to this process, having had previous termination hearings.

Further, Father's last-minute motion for a continuance did not comply with Rule 65.03,[2] which requires that "[a]n application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant … setting forth the facts upon which the application is based." A party's failure to comply with the requirements of Rule 65.03 "is sufficient grounds for the trial court to deny a motion for continuance." *Elrod v. Elrod*, 192 S.W.3d 738, 742 (Mo.App. S.D.2006).

*Point denied.*

---

1. The Juvenile Court admitted the case files where Father's parental rights were terminated for at least two other children, but noted that the previous terminations had occurred too far in the past to create a presumption of unfitness in the present case.

2. All rule references are to Mo. R. Civ. P.2010, unless otherwise indicated.

## Conclusion

The judgment of the Juvenile Court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.